UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

vs.                                         Case No. 2:05-cr-32-FTM-29DNF

VICTOR SALAZAR

_____

**OPINION AND ORDER**

This matter is before the Court on consideration of the Magistrate Judge's Report and Recommendation (Doc. #48) recommending that defendant Victor Salazar's Motion to Suppress Evidence (Doc. #17) be denied. Defendant's Objection to Magistrate [Judge] Report and Recommendation (Doc. #49) was filed on August 29, 2005.

**I.**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b()1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a de novo determination of those portions of the report or specified prosed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district

judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. by Ernest S. v. State Bd. Of Educ. Of Ga., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. REP. NO. 94-1609, 94th Cong., 2d Sess., reprinted in 1976 U.S.C.C.A.N. 6162, 6163).  In the absence of specific objections, there is no requirement that a district judge review factual findings de novo, Garvey v. Vaughn, 993 F.2d 776, 779 n. 9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations.  28 U.S.C. § 636(b)(1)(C).  The district judge reviews legal conclusions de novo, even in the absence of an objection.  See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

**II.**

Defendant objects that the factual summary in the Report and Recommendation "does not completely or accurately summarize the testimony at the evidentiary hearing," but asserts that the transcripts on file do accurately reflect that testimony.  Other than the specific factual objections identified in the remaining paragraphs, this type of generalized objection is neither useful nor legally sufficient.  The Court has read both transcripts (Docs. #29 and 43) and finds that with one exception the summary in the

2

Report and Recommendation is complete in all material respects and is accurate. This objection is overruled.

Defendant objects to the Report and Recommendation's failure to recite that Deputy Lussier admitted on cross examination that his training proficiency in detecting shots fired was only 50% accurate and when helicopter noise was present his proficiency was at times worse. While Deputy Lussier did give such testimony, it is not material to the findings of the Report and Recommendation or to its legal conclusions. This objection is overruled.

Defendant objects that the Report and Recommendation failed to recite that Deputy Lussier admitted on cross examination that not only was he unable to see who fired the shots, but also where the shots were fired from or if they came from a near-by trailer park, a moving vehicle, or from the pastures. Defendant also objects that the Report and Recommendation inaccurately represents that Deputy Lussier made his own personal observations that the shots had been fired from the vehicle, when he gave no such testimony. In the absence of such a personal observation, defendant maintains that there was insufficient evidence to stop the vehicle.

Deputy Lussier did testify that he was unable to see who fired the shots, where the shots were fired from, or if they came from a trailer park, a moving vehicle, or from the pastures. (Doc. #43, p. 25). The statement in the Report and Recommendation that "Dep. Lussier testified that he stopped the vehicle based upon the radio transmission from Cpl. Epright and his own personal observations

<u>that the shots had been fired from the vehicle traveling down Westclox Rd.</u>" is not accurate as to the underlined portion. Deputy Lussier testified that he stopped the vehicle based upon information from Corporal Epright and from his own personal observations. The personal observations included hearing the gunshots at close range from the direction from which the vehicle approached, but Deputy Lussier did not make personal observations that the shots had been fired from the vehicle. These objections are therefore sustained.

With the factual correction, the Court concludes that the investigative stop by Deputy Lussier was still amply justified by reasonable suspicion. Indeed, under the facts set forth in the transcripts, the officers would have acted unreasonably if they had not stopped the vehicle.

Defendant objects that the Report and Recommendation failed to recite that Deputy Lussier and Deputy McNair did not observe the vehicle commit any traffic violations as it approached. It is correct that such testimony was given (Doc. #43, p. 28). Since there was no attempt to justify the vehicle stop on the basis of a traffic violation, this information is not material to any issue before the court. This objection is overruled.

Defendant objects that the Report and Recommendation's initial summary of defendant's arguments did not include his challenge to the lawfulness of the police stop/seizure of the vehicle. Page 9 of the Report and Recommendation does not include this argument in

4

the summary. However, pages 10-12 of the Report and Recommendation fully address the lawfulness of the vehicle stop and concludes that "Dep. Lussier's stop of the Defendant's vehicle did not violate the Fourth Amendment." (Doc. #48, p. 12). This objection is overruled.

Defendant objects that the Report and Recommendation did not address a credibility analysis of Deputy Lussier's testimony when compared to Deputy McNair's testimony concerning how the defendant was extracted from the vehicle and whether Deputy Lussier had his gun drawn or not. Not every inconsistency compels a diminished credibility determination, and after reviewing the transcripts the Court agrees with the credibility judgments in the Report and Recommendation. This objection is overruled.

Finally, defendant objects that the Report and Recommendation does not address whether hearing what purports to be a gunshot merits a police investigation and intervention when Florida case law indicates that shooting is not always illegal. Law enforcement officers are not limited in their investigations to conduct guaranteed to be criminal. It was perfectly reasonable under the circumstances of this case for the officers to conduct the investigation of the multiple gunshots. This objection is overruled.

Accordingly, it is now

**ORDERED:**

5

1.  The Magistrate Judge's Report and Recommendation (Doc. #48), with the one exception noted above, is **ACCEPTED AND ADOPTED.**

2.  Defendant Victor Salazar's Motion to Suppress Evidence (Doc. #17) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __30th__ day of August, 2005.

_____
JOHN E. STEELE
United States District Judge

Copies:

Hon. Sheri Polster Chappell
Counsel of Record